UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Case No. 19bk00432 |
| ) | |
| Class A Properties Five, LLC, ) | Chapter 11 |
| ) | |
| Debtor. ) | Judge Timothy A. Barnes |
| ) | |

TIMOTHY A. BARNES, Judge.

MEMORANDUM DECISION

Before the court is the Motion of 7030-32 Huntley Road, LLC to Dismiss Second Chapter 11 Case, or, in the Alternative, to Modify the Automatic Stay to Permit the Foreclosure Action to Proceed and to Permit 7030-32 Huntley Road, LLC to Exercise its Non-Bankruptcy Law Rights and Remedies [Dkt. No. 20] (the "Motion") brought by 7030-32 Huntley Road, LLC ("Huntley"), seeking dismissal the above-captioned bankruptcy case, or, in the alternative, relief from the automatic stay. The Motion is opposed by the debtor, Class A Properties Five, LLC (the "Debtor").

The Debtor, a single-asset real estate enterprise, had previously filed for chapter 11 bankruptcy relief in this court on March 14, 2018 (Case No. 18bk07311, the "First Case"), with the apparent goal of preventing Huntley, its sole creditor, from foreclosing on the property commonly located at 7030-32 Huntley Road, Carpentersville, Illinois 60110 (the "Property"). On June 20, 2018, this court, upon finding the First Case was filed in bad faith, entered an order dismissing the First Case with prejudice. Order Finding Cause to Dismiss [Case No. 18bk07311, Dkt. No. 51] (the "Dismissal Order").[1] The Motion alleges that Dismissal Order prejudices the Debtor from filing this bankruptcy case.

For the reasons set forth more fully below, upon review of the parties' respective filings and after conducting a hearing on the matter, the court finds that the Dismissal Order operated to permanently enjoin the Debtor from filing a subsequent petition for relief and thus the Debtor was precluded from filing this bankruptcy case. As a result, the court determines that dismissal of this case is proper. The Motion should be and, therefore, by a separate order entered concurrently herewith is, granted.

JURISDICTION

The federal district courts have "original and exclusive jurisdiction" of all cases under title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"). 28 U.S.C. § 1334(a). The federal district courts also have "original but not exclusive jurisdiction" of all civil proceedings

---

[1] The court also entered an order granting Huntley relief from the automatic stay [Case No. 18bk07311, Dkt. No. 52] concurrently with the Dismissal Order.

1

arising under the Bankruptcy Code, or arising in or related to cases under the Bankruptcy Code. 28 U.S.C. § 1334(b). District courts may, however, refer these cases to the bankruptcy judges for their districts. 28 U.S.C. § 157(a). In accordance with section 157(a), the District Court for the Northern District of Illinois has referred all of its bankruptcy cases to the Bankruptcy Court for the Northern District of Illinois. N.D. Ill. Internal Operating Procedure 15(a).

A bankruptcy judge to whom a case has been referred may enter final judgment on any core proceeding arising under the Bankruptcy Code or arising in a case under the Bankruptcy Code. 28 U.S.C. § 157(b)(1). Bankruptcy judges must therefore determine, on motion or *sua sponte*, whether a proceeding is a core proceeding or is otherwise related to a case under the Bankruptcy Code. 28 U.S.C. § 157(b)(3). As to the former, the court may hear and determine such matters. 28 U.S.C. § 157(b)(1). As to the latter, the bankruptcy court may hear the matters, but may not decide them without the consent of the parties. 28 U.S.C. §§ 157(b)(1) & (c). Instead, the bankruptcy court must "submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1).

In addition to the forgoing considerations, the court must also consider its constitutional authority to hear and determine a matter. *Stern v. Marshall*, 564 U.S. 462 (2011). Constitutional authority exists when a matter originates under the Bankruptcy Code or, in noncore matters, where the matter is either one that falls within the public rights exception, *id.*, or where the parties have consented, either expressly or impliedly, to the bankruptcy court hearing and determining the matter. *See, e.g., Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1939 (2015) (parties may consent to a bankruptcy court's jurisdiction); *Richer v. Morehead*, 798 F.3d 487, 490 (7th Cir. 2015) (noting that "implied consent is good enough").

The dismissal of a bankruptcy case is a matter concerning the administration of the estate, and is thus a core proceeding under the Bankruptcy Code. 28 U.S.C. § 157(b)(2)(A). Additionally, as a motion to dismiss under section 1112(b) of the Bankruptcy Code "stems from the bankruptcy itself," it may constitutionally be decided by the bankruptcy court. *Stern*, 564 U.S. at 499.

The court will consider in greater detail below its power to prejudice the Debtor under the Bankruptcy Code. However, there is no question that a bankruptcy court ordinarily has authority to enforce its own prior orders. *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 138 (2009); *Cox v. Zale Del., Inc.*, 239 F.3d 910, 917 (7th Cir. 2001). Congress expressly conferred enforcement powers to the bankruptcy courts in section 105 of the Bankruptcy Code, which authorizes the court to take "any action . . . necessary or appropriate to enforce or implement court orders or rules." 11 U.S.C. § 105(a); *Owens v. LVNV Funding, LLC*, 832 F.3d 726, 732 n.5 (7th Cir. 2016), *cert. denied*, 137 S. Ct. 2157 (2017).

## PROCEDURAL HISTORY

In addition to reviewing the Motion, the court has considered the arguments of the parties at the hearing on March 19, 2019 and has reviewed and considered the following documents relating to the Motion:

2

(1) Debtor's Response to Motion of 7030-32 Huntley Road, LLC to Dismiss, or in the Alternative, to Modify the Automatic Stay [Dkt. No. 35] (the "Response"); and

(2) 7030-32 Huntley Road, LLC's Reply Brief in Support of its Second Motion to Dismiss Chapter 11 Case or, in the Alternative, to Modify the Automatic Stay to Permit the Foreclosure Action to Proceed and to Permit 7030-3 Huntley Road, LLC to Exercise its Non-Bankruptcy Law Rights and Remedies [Dkt. No. 38] (the "Reply").

The court has taken into consideration any and all exhibits submitted in conjunction with the foregoing. Though these items do not constitute an exhaustive list of the filings in the contested matter, the court has taken judicial notice of the contents of the docket in this case and in the First Case. *See Levine v. Egidi*, Case No. 93C188, 1993 WL 69146, at *2 (N.D. Ill. Mar. 8, 1993) (authorizing a bankruptcy court to take judicial notice of its own docket); *In re Brent*, 458 B.R. 444, 455 n.5 (Bankr. N.D. Ill. 2011) (Goldgar, J.) (recognizing same).

Having conducted that review, except as expressly set forth herein, this Memorandum Decision constitutes the court's determination of the Motion and all related filings.

## BACKGROUND

The Debtor is a single-asset real estate enterprise engaged in commercial leasing of the Property. The Property is leased to gas station tenants and is encumbered by a mortgage secured by two notes assigned to Huntley. The balance remaining on the notes constitute the debt at issue in this case.

On January 11, 2018, Huntley commenced a foreclosure action in state court after the Debtor defaulted on the underlying notes for the second time, having failed to cure a previous default by the expiration of the forbearance period. Huntley filed a motion for default judgment on March 9, 2018 after the Debtor failed to appear in the foreclosure action or respond to the complaint in the preceding months.

On March 14, 2018, four days after Huntley moved for default judgment in the foreclosure action, the Debtor filed the First Case, which was assigned to the undersigned. Huntley, now mortgagee-in-possession of the Property, was the only creditor scheduled by the Debtor in the First Case. The Debtor scheduled Huntley as a secured creditor with a claim of $1,842,336.00 secured by the Property, which the Debtor valued at $5,250,000.00.

Shortly after the Debtor filed the First Case, Huntley filed a motion seeking dismissal of the First Case with prejudice or relief from the automatic stay [Case No. 18bk07311, Dkt. No. 16] (the "First Dismissal Motion"). The First Dismissal Motion asserted a variety of arguments, each of which had at its nexus that the Debtor had filed the First Case in bad faith. With the First Dismissal Motion, Huntley included a proposed order dismissing the case with prejudice.

On June 20, 2018, the court held an evidentiary hearing on the First Dismissal Motion in the First Case (the "Evidentiary Hearing"). Jorge Rojas, a self-designated manager of the Property, appeared as a representative of the Debtor. At the Evidentiary Hearing, the evidence showed, amongst other things, that the Debtor had grossly exaggerated the value of the Property, had filed the First Case on the eve of foreclosure and had no ongoing business. The evidence also showed

3

that Mr. Rojas was unable or unwilling to provide even a basic accounting of the Debtor's financial affairs.

At the conclusion of the Evidentiary Hearing, the court granted Huntley relief from the automatic stay under section 362(d) after finding that the Debtor could not provide adequate protection of Huntley's interest and that, although the Property may have been necessary for the Debtor, a single-asset real estate enterprise, to reorganize, the Debtor would be unable to propose an effective reorganization.

In addition, the court analyzed the factors set forth in *In re Tekena USA, LLC*, 419 B.R. 341, 346 (Bankr. N.D. Ill. 2009) (Cox, J.), and found that the majority of factors suggested that the Debtor filed the First Case in bad faith, constituting cause for dismissal pursuant to section 1112(b) of the Bankruptcy Code. The court found, amongst other things, that the Debtor would be unable to propose a feasible reorganization plan, the Debtor filed solely to enact the automatic stay, the Debtor made little to no attempt to prosecute its case, and that the First Case was essentially a two-party dispute between the Debtor and Huntley. The court also concluded that Huntley's request to dismiss the First Case with prejudice was well taken. Therefore, the court ruled in favor of Huntley and entered an order in the form of that proposed by Huntley, dismissing the First Case with prejudice. At no time did the Debtor seek reconsideration of the dismissal with prejudice nor did the Debtor file an appeal of the Dismissal Order.

After the First Case was dismissed, Huntley filed a motion for summary judgment in the foreclosure case, which the state court scheduled for hearing on January 8, 2019.

On January 7, 2019, the day before the state court was scheduled to hear Huntley's summary judgment request, the Debtor, employing new counsel, filed another petition for chapter 11 relief commencing the above-captioned bankruptcy case, and the case was again assigned to the undersigned. The Debtor's petition in this case is again signed by Mr. Rojas as the alleged manager of the Debtor. The Debtor also scheduled Huntley as its sole creditor with a claim of $1,842,336.00 secured by the Property, which the Debtor again valued at $5,250,000.00. Shortly thereafter, on February 4, 2019, Huntley filed the Motion.

## DISCUSSION

Before the court is Huntley's Motion, wherein Huntley asserts that the Debtor is precluded from filing this case because the Dismissal Order dismissed the First Case with prejudice. Huntley further asserts that the Debtor filed the present case in bad faith under the *Tekena* factors and that there is therefore cause to dismiss this case under section 1112(b) of the Bankruptcy Code. Alternatively, Huntley asserts that there are grounds to grant Huntley relief from the automatic stay with respect to the Property.

In response, the Debtor argues that the Dismissal Order does not preclude the Debtor from filing this case as the most reasonable interpretation of the Dismissal Order is that it did nothing more than bar the Debtor from filing another bankruptcy petition for 180 days pursuant to section 109(g) of the Bankruptcy Code. The Debtor also asserts that it did not file this case in bad faith and therefore no cause for dismissal exists under section 1112(b). Further, should this case survive dismissal, the Debtor asserts that Huntley is not entitled to relief from the stay because there is equity in the Property pursuant to a recent appraisal.

The Motion requires the court to answer the following: Does the Dismissal Order preclude the filing of this case? To do so, the court must determine the meaning of the dismissal "with prejudice" in the Dismissal Order, including whether the use of such phrase is ambiguous. If the Dismissal Order is not ambiguous and the "with prejudice" dismissal is prejudicial, the inquiry is at an end and the case must be dismissed. If, on the other hand, the Dismissal Order is ambiguous, the court is then tasked with utilizing its available tools to resolve the ambiguity, if possible. Once again, should the Dismissal Order be interpreted to preclude this case, the inquiry is at an end. Only if the Dismissal Order cannot be interpreted to preclude this case, either because the ambiguity cannot be resolved or because the Dismissal Order unambiguously or after any ambiguity is resolved, does not preclude this case, must the court consider whether this case should independently be dismissed for bad faith. Last, the court will evaluate whether Huntley is entitled to stay relief.

A.   *Does the Dismissal Order Unambiguously Preclude this Case?*

To enter into the inquiry required by the Motion, the court must interpret the Dismissal Order it entered in the First Case. The Seventh Circuit has made clear that trial courts unquestionably have the power to interpret their own orders. *Texas N. W. Ry. C. v. Atchison, Topeka & Santa Fe Ry. Co. (In re Chicago Rock Island & Pac. R.R. Co.)*, 860 F.2d 267, 272 (7th Cir. 1988) (explaining that the Seventh Circuit "give[s] deference to a court's interpretation of its own orders."). The bankruptcy courts are no different. *In re Chicago, Milwaukee, St. Paul, & Pac. R.R. Co.*, 882 F.2d 1188, 1193 (7th Cir. 1989) ("[The Seventh Circuit] give[s] great deference to a reorganization court's bankruptcy decisions because a reorganization court acts in equity."); *see also Ranch House of Orange-Brevard, Inc. v. Gluckstern (In re Ranch House of Orange-Brevard, Inc.)*, 773 F.2d 1166, 1168 (11th Cir. 1985) ("The bankruptcy judge who has presided over the case from its inception is in the best position to clarify any apparent inconsistencies in the court's rulings.").

To interpret the Dismissal Order, the court first looks to the order's express terms. In so doing, the court notes that the order in question was drafted by Huntley and presented to court as a proposed order filed with the First Dismissal Motion. In the Bankruptcy Court for the Northern District of Illinois, movants are required to include proposed orders with their motions. *See* Bankr. N.D. Ill. R. 9013-1(C)(5).[2] Those orders are often poorly drafted and, despite the best efforts of the court, occasionally such orders are entered.

Here, the Dismissal Order as entered by the court is the order proposed by Huntley under the Local Rules when it filed the First Dismissal Motion. It is, unfortunately, one of the aforementioned poorly drafted orders. It states that:

---

[2]   The Local Rules of the Bankruptcy Court for the Northern District of Illinois are referred to herein as the "Local Rules" and individually as "Local Rule ___."

The COURT FINDS that:

   A. The Debtor has acted in bad faith under 11 U.S.C. § 1112(b) for the reasons stated during the hearing.
   B. Dismissal with prejudice is in the best interest of the creditor in this single creditor dispute.

IT IS HEREBY ORDERED that:

   1. The case is dismissed with prejudice.

Dismissal Order.[3]

What makes the Dismissal Order poorly drafted is this: There is no explanation in the Dismissal Order what "dismissed with prejudice" means. To understand this phrase, therefore, the court must look outside the confines of the Dismissal Order itself. But where to look? Those familiar with the Bankruptcy Code and dismissal of cases would understand that such dismissal with prejudice is intended as a reference to section 349 of the Bankruptcy Code. Indeed, the First Dismissal Motion requested dismissal with prejudice under section 349.

Section 349 of the Bankruptcy Code states as follows:

Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title *prejudice the debtor* with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

11 U.S.C. § 349(a) (emphasis added). Plainly stated, section 349(a) mandates that, absent an order to the contrary, dismissal of a bankruptcy case does not impair the ability of the debtor to seek future bankruptcy relief unless such impairment arises pursuant to the terms of section 109(g) of the Bankruptcy Code.

Section 349(a) has at first a gating criterion, that the court, for cause, may order otherwise. *In re Hall*, 258 B.R. 908, 910 (Bankr. N.D. Ind. 2001), *aff'd*, 304 F.3d 743 (7th Cir. 2002). Here there is no question that the court found cause at the Evidentiary Hearing and that the court in the Dismissal Order ordered otherwise. A finding of bad faith is sufficient cause to justify a dismissal that impairs future filings under section 349. *Hall*, 304 F.3d at 746. As the court expressly found bad faith at the Evidentiary Hearing, the gating criterion is met in the case at bar.

Once the initial hurdle has been overcome, there are two types of future impairment that the court may order: (1) Barring a future discharge of debts that were dischargeable in the case dismissed; or (2) Prejudicing the debtor with respect to the filing of a subsequent bankruptcy petition. 11 U.S.C. § 349(a). Only the second of the two types of impairment in section 349(a)

---

[3] It should be noted that in submitting the Motion at bar, Huntley has again complied with the Local Rules and included a proposed order. That new proposed order also uses the phrase "with prejudice" without explanation. Proposed Order Granting Motion to Dismiss Bankruptcy Case [Dkt. No. 20-8] ("The Chapter 11 case of Class A Properties Five, LLC is hereby dismissed, with prejudice.").

speaks to prejudice. As such, a quick glance at section 349(a) would lead one to conclude that "with prejudice" is a reference to the bar on future filings.

The *Hall* court noted, however, that "the term [with prejudice] is often used somewhat loosely to refer to any type of limitation upon the opportunity for future bankruptcy relief." *Hall*, 258 B.R. at 910. Despite this broad usage, the *Hall* court found the phrase "with prejudice" is most often read as the first of the two impairments noted above—barring a future discharge. *Id.* On appeal, the Seventh Circuit appeared to adopt the lower court's reading, defining the dismissal thereunder with prejudice as a "bar to the dischargeability of debts that would have been dischargeable in the dismissed proceeding . . . or precluding the debtor from filing a subsequent petition related to those debts." *Hall*, 304 F.3d at 746.

There is, therefore, ambiguity created by the use of the phrase "with prejudice" without further explanation. The statute would appear to use with prejudice to mean a bar on future filings, while the case law seems to support it meaning a bar on future discharge of debts or both a bar on future discharge and a bar on future filings.

As not all readings of the phrase "with prejudice" include a bar against future filings, the court cannot conclude that the Dismissal Order unambiguously precludes this case.

B.      Resolving the Ambiguity

As noted above, by using the phrase "with prejudice" in the Dismissal Order without explanation, the Dismissal Order fails to specify whether dismissal with prejudice means a bar on future filings as implied by the statute's use of the phrase, a bar on future discharge of debts as applied by the courts, or both. Each of these results falls within the auspices of section 349(a).

That ambiguity, however, is easily resolved.

The court, as noted by the cases cited above, is in the best position to interpret its own orders and the court concludes that the Dismissal Order effectuates a bar on refiling.[4] The court's own express statements on the record of the Evidentiary Hearing support this conclusion. Further, interpreting "with prejudice" to mean a bar on discharge would render the phrase meaningless under the facts of this case.

The court has a duty to adopt the meaning that "renders [the Dismissal Order] more reasonable, effective and conclusive in the light of the facts and the law of the case." *Hendrie v. Lowmaster*, 152 F.2d 83, 85 (6th Cir. 1945). The meaning "must be determined by what preceded [the order] and what it was intended to execute." *Id.* (*citing Union Pacific R.R. Co. v. Mason City & Fort Dodge R.R. Co.*, 222 U.S. 237, 247 (1911)). Additionally, when a court determines an order is ambiguous, the court "must construe [the order's] meaning, and in so doing may resort to the record upon which the judgment was based." *Spearman v. J & S Farms, Inc.*, 755 F. Supp. 137, 140 (D. S.C. 1990).

---

[4]     In fact, the parties do not appear to dispute that the ambiguity here should be resolved in favor of a bar. Resp. at pp. 3-5; Reply, at pp. 2-3. The court must interpret the ambiguity in its order regardless of what seems to be agreement in that regard.

7

As to the court's statements, the transcript from the Evidentiary Hearing indicates the court's intent to permanently bar the Debtor from filing another petition that would enjoin Huntley from exercising its state-law rights. As the court stated:

> [U]nder the circumstances, because I've concluded the case was filed in bad faith, I am, in fact, dismissing under [section] 349(a) with prejudice, the prejudice being that the case with respect to this creditor cannot be commenced again. That's the extent of my ruling.

Tr. at pp. 125-26, June 20, 2018 [Case No. 18bk07311, Dkt. No. 58].

The court noted its concerns with the Debtor's ability to file successive petitions solely to invoke the automatic stay. As the automatic stay limitations imposed under section 362(c)(3) and (c)(4) are only applicable to individual debtors,[5] the court noted that barring the Debtor from filing subsequent petitions was the proper measure to prohibit further bad faith filings, as follows:

> [What] we would have under these circumstances is the right to immediately file and invoke the automatic stay again. [Class A Properties Five, LLC] is not an individual debtor, and, therefore [section 362](c)(3) and [section 362](c)(4) aren't applicable . . . because of that, we'd be right back where are again, dealing with exactly the same issues again.

Tr. at p. 126, June 20, 2018 [Case No. 18bk07311, Dkt. No. 58].

It is clear, therefore, from the court's remarks on the record that the court intended the phrase "with prejudice" to indicate a bar on refiling with respect to Huntley's debt.

Moreover, interpreting the phrase "with prejudice" to bar the future discharge of the Debtor's debt in the First Case would render the phrase meaningless. The Debtor, as a business entity, cannot receive a discharge. 11 U.S.C. §§ 727(a)(1), 1141(d)(3)(A). Therefore, the court's "with prejudice" designation could not be sensibly interpreted to bar the future discharge of the Debtor's debt in the First Case.

As such, the court concludes that the phrase "with prejudice" in the Dismissal Order was intended as a bar against future bankruptcy filings with respect to Huntley's debt.

C.     The Length of the Bar

This determination does not, rather unfortunately, end the inquiry.

Because the dismissal with prejudice was intended as a bar against future filings, a secondary question arises: How long of a bar was intended?

---

[5]     Section 362(c)(3) and (c)(4) each condition the automatic stay applicable in cases of individual filers who commence multiple cases within 365 days.

8

The Debtor suggests that, as the Dismissal Order is silent as to the duration of the bar, the only fair result would be to limit the bar to 180 days as set forth in section 109(g) of the Bankruptcy Code.[6]

The court does not agree.

The court's remarks at the Evidentiary Hearing quoted above clearly indicate that the court intended the bar to be permanent as to this debt. Tr. at pp. 125-26, June 20, 2018 [Case No. 18bk07311, Dkt. No. 58] ("I am . . . dismissing under [section] 349(a) with prejudice, the prejudice being that the case with respect to this creditor cannot be commenced again."). While this may seem a harsh result, recall that the Debtor's operations are limited to the Property and the debt it seeks to address is the primary if not sole debt in the Debtor's case. Both the First Case and this case have prevented Huntley, a mortgagee-in-possession under Illinois law, from further exercising its state law remedies. Each case was commenced on the eve of Huntley obtaining relief from the state court regarding the Property. At the Evidentiary Hearing, the evidence showed that that the Debtor had grossly exaggerated the value of the Property, had filed on the eve of foreclosure and had no ongoing business. Permanent bars are clearly within the authority of the bankruptcy court under such circumstances.[7] *Casse v. Key Bank Nat'l Ass'n (In re Casse)*, 198 F.3d 327, 334-41 (2d Cir. 1999) (surveying cases to conclude that the bankruptcy court had power under sections 105 and 349(a) to permanently bar debtors who file serial bankruptcies solely to halt foreclosure sales); *In re JER/Jameson Mezz Borrower II, LLC*, 461 B.R. 293, 304 (Bankr. D. Del. 2011) (permanently barring a corporate debtor who filed a petition despite having no reasonable possibility of reorganizing). Further, a permanent bar on filing a new case as against a particular creditor and debt has little difference in practice from a bar on discharge applied to an individual debtor, a result clearly authorized by section 349(a).

In arguing to the contrary, the Debtor appears to be guided by a minority interpretation of section 349(a). While, on its face, section 349(a) does not limit the court's discretion to determine the length of any bar ordered by the court, one court of appeals, however, has held that the reference to section 109(g) in section 349(a) somehow limits the court's discretion under section 349 to barring a debtor for 180 days, the length of the statutory bar in section 109(g). *Frieouf v. United States (In re Frieouf)*, 938 F.2d 1099, 1103 (10th Cir. 1991). *Frieouf*, however, contravenes the express language of section 349(a). Section 349(a) makes clear that, when dismissing a case, the power of

---

[6] Such a 180-day bar, whether implied in the terms of the Dismissal Order or arising otherwise under section 109(g), would not render this case infirm, as the case was filed more than 180 days after the Dismissal Order was entered.

[7] An indefinite bar is an extreme measure that bankruptcy courts should use sparingly, as there are both due process and policy concerns that arise. Any due process concerns are mollified by ensuring that the debtor "had fair notice and hearing of the with-prejudice dismissal." *Leavitt v. Soto (In re Leavitt)*, 209 B.R. 935, 942 (B.A.P. 9th Cir. 1997), *aff'd*, 171 F.3d 1219 (9th Cir. 1999).

In its First Dismissal Motion, Huntley notified the Debtor that Huntley was seeking a dismissal with prejudice. The Debtor and its counsel participated at the Evidentiary Hearing where the request for dismissal with prejudice was before the court. Mr. Rojas was also present. Each party was fully aware of the court's stated purpose in dismissing the First Case. No appeal was filed and at no point did the Debtor request clarification or reconsideration of the Dismissal Order. The Debtor's arguments herein that it understood the Dismissal Order differently strain credulity.

the court to order otherwise combined with the use of "nor" in the statute both modifies the future discharge of debts and the future filing of bankruptcy cases. Section 349(a) can therefore be read as follows: (a) Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; and (b) Unless the court, for cause, orders otherwise, the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title.

The reference to section 109(g) at the conclusion of section 349(a) has the clear and unambiguous effect of protecting section 109(g) from being limited by section 349(a) and not the opposite, limiting section 349(a) to the narrow scope of section 109(g). *See In re Valentine Hill Farm LLC*, 580 B.R. 815, 820 (Bankr. S.D. Ind. 2018). There is no reason to order a 180-day bar in an order dismissing a case with prejudice when the conditions in section 109(g) are present. Section 109(g) is self-effectuating. *In re Gibas*, 543 B.R. 570, 593 (Bankr. E.D. Wis. 2016) ("[S]ection 109(g)(2) merely prescribes that when a particular sequence of events occurs, including the debtor's voluntary filing of a request to dismiss, the debtor is ineligible to refile for 180 days."). Thus, section 109(g) speaks to what impairment to future cases might arise under the Bankruptcy Code absent any order otherwise and does not limit the court's power to impair future filings by ordering otherwise under section 349(a). *Lerch v. Fed. Land Bank of St. Louis*, 94 B.R. 998, 1001 (N.D. Ill. 1989) ("When the court has found cause for a dismissal with prejudice, the mandate of Section 109(g) is not applicable . . . ."); *Valentine Hill Farm*, 580 B.R. at 820.

Further, such a reading of section 349 would limit the relief available under section 349, a general provision applicable to all debtors, to that available under section 109(g), a section applicable pursuant to its terms only to individuals[8] and family farmers. 11 U.S.C. § 109(g) (stating that "no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if . . . ."). If Congress had wanted to bind corporate debtors to the eligibility limitations outlined in section 109(g), the words "debtor" or "person" would have been used instead. *See Russello v. United States*, 464 U.S. 16, 23 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (citation omitted).

For reasons such as these, *Frieouf* has been roundly rejected by courts in both this Circuit and other jurisdictions. *See Lerch*, 94 B.R. at 1001; *Valentine Hill Farm*, 580 B.R. at 820; *see also Casse*, 198 F.3d at 336-39; *Colonial Auto Ctr. v. Tomlin (In re Tomlin)*, 105 F.3d 933, 936-37 (4th Cir. 1997). While the Seventh Circuit itself has not expressly rejected *Frieouf*, it has done so implicitly by approving section 349 bars of more than 180 days. *In re Bell*, 125 F. App'x 54, 57 (7th Cir. 2005) (affirming the bankruptcy court's discretion to bar a debtor from filing for 365 days).

For these reasons, the court cannot conclude that the bar in the Dismissal Order was intended or should be enforced as anything other than a permanent bar on refiling a case addressing

---

[8] While the term "individual" is not defined in the Bankruptcy Code, "person" is defined to include an individual, partnership, and corporation. 11 U.S.C. § 101(41). Thus, the term "individual" is generally accepted to mean a natural person, as opposed to a business entity or other juridical person. *In re Ludkowski*, 587 B.R. 330, 343 (Bankr. N.D. Ill. 2018) (Barnes, J.); *see also In re Prairie Trunk Ry.*, 125 B.R. 217, 220 (Bankr. N.D. Ill. 1991) (Squires, J.), *aff'd sub nom. Consol. Rail Corp. v. Gallatin State Bank*, 173 B.R. 146 (N.D. Ill. 1992).

Huntley's debt. As the Dismissal Order therefore precluded the filing of this case, the court must therefore use its authority under section 105 of the Bankruptcy Code to enforce the terms of its prior order here. *See In re Meints*, 222 B.R. 870, 871 (D. Neb. 1998) (recognizing the bankruptcy court's power under section 105 to dismiss a case filed in violation of a prior court order); *see also In re Ritchey*, 512 B.R. 847, 857 (Bankr. S.D. Tex. 2014) (recognizing that a bankruptcy court may constitutionally enter final orders to enforce that bankruptcy court's own prior order).

D.  Bad Faith Dismissal—Redux

As the Dismissal Order precluded the Debtor from filing for relief, it is not necessary for the court to rule on whether bad faith independently exists in this case. While it appears that little has changed other than the filing of this case in violation of the bar in the Dismissal Order (a factor that would seem to be relevant to any section 1112 inquiry), the court need not reach those issues today.

E.  Relief from the Automatic Stay

Because the court determines that this case must be dismissed, it is not necessary for the court to determine whether Huntley is entitled to modify the automatic stay as Huntley is not restrained by such stay upon the dismissal of this case.

## CONCLUSION

For all of the foregoing reasons, the court finds that the Debtor was precluded from filing this case and therefore dismissal is required by the terms of the court's previous Dismissal Order. By separate order issued concurrently herewith, this case will be dismissed. Under the terms of the Dismissal Order, the Debtor remains barred from filing another bankruptcy case with respect to Huntley's debt.

Dated: April 15, 2019

ENTERED:

Timothy A. Barnes
United States Bankruptcy Judge